IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GUY JONES, | § | |
| | § | No. 489, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID: K1701006494 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 5, 2019
Decided: July 16, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

**O R D E R**

(1) After a Superior Court jury trial, Guy Jones was convicted of a number of charges, including first-degree murder. In this direct appeal, Jones claims eight bases for relief, although several involve overlapping issues. We reject Jones's claims and affirm the judgment of the Superior Court.

(2) Several of Jones's arguments are identical or nearly identical to those advanced by his codefendant, DePaul Wilson, in a separate appeal. Although this Court's disposition of Wilson's appeal has no direct preclusive effect upon Jones's claims, we find no error with our earlier affirmance of Wilson's convictions and adopt similar reasoning to reject Jones's claims that are based on substantially the same facts and legal arguments. In particular and for the reasons stated in *Wilson v.*

*State*,[1] we reject Jones's arguments that (i) the prosecutor engaged in misconduct when he argued that the jury could infer that the alleged murder victim fired shots from a prone position, and (ii) the trial court abused its discretion when it overruled Jones's objection to the prosecutor's statements in closing argument that the jury was to "decide what occurred."[2]

(3)     We likewise reject the remainder of Jones's arguments.

(4)     First, the trial court did not commit plain error by not severing the trial of Jones and Wilson *sua sponte*. On the record before us, it appears to us that there is at least a plausible basis for concluding that Jones's trial counsel chose not to move to sever for strategic reasons. It did not violate Jones's right to a fair trial for the trial court to decline to interfere *sua sponte* with such a plausible strategy.

(5)     Second, Jones's due process rights were not violated when the State presented a recording of Jones's interview by a detective that included two comments by the detective to which Jones now objects. These comments include one where the detective said, "I hope you come clean here soon," and another where the detective said, "you know this game and you know it well." Jones argues that these comments improperly impugned Jones's credibility and character. We

---

[1] *Wilson v. State*, 2019 WL 2157517, at *1 (Del. May 16, 2019).
[2] The State argues that Jones failed to object to the prosecutor's statements at trial and that, therefore, we should review for plain error. Although our previous ruling against Wilson on this same issue suggests that Jones's argument should fail as an *a fortiori* matter if we are reviewing for plain error, it seems to us that Wilson's trial counsel spoke for both defendants on this objection, B437–39, and thus that Jones adequately preserved the issue for appeal.

disagree. These comments were included only after Jones had an opportunity to and did in fact redact objectionable portions of the interview. In other words, Jones did not object at trial to the jury hearing these comments. Moreover, these comments were fleeting in the context of a long interview.[3] And finally, in response to the detective's comment that he wanted Jones to "come clean," Jones did indeed change his account to the detective.

(6) Third, it was not improper for the prosecutor to refer to the defendants' accounts as "stories." As the State correctly points out, the term "story" has several meanings, and we are satisfied that when considered in context, the prosecutor's use of "stories" meant something like "accounts" and not "lies."

(7) Fourth, it was not plain error for the Superior Court to refer on occasion to Jones and Wilson as a collective unit in its jury instructions. Neither Jones nor Wilson opposed those aspects of the instructions during trial, and in any case, the trial court separately instructed the jury that they should separately consider each count as to each individual defendant.

(8) Last, it was not plain error for the Superior Court to permit a recording of Jones's police interview to go to the jury room. Jones did not make a contemporaneous objection, and Jones's argument on appeal is unavailing. Jones

---

[3] This characterization is supported by the fact that Jones's experienced trial counsel did not request a redaction of these comments during the pretrial review of the video transcript with the prosecution and the trial court.

argues that, as a piece of out-of-court testimony, the recording should not have been allowed into the jury room. Jones cites *United States v. Binder*[4] in support, but *Binder* dealt with the videotaped testimony of a non-defendant witness, distinguishing it from Jones's case. Furthermore, as we held in *Flonnery v. State*,[5] Jones's proposition "does not apply to . . . incriminating statements a defendant makes directly."[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] 769 F.2d 595 (9th Cir. 1985).
[5] 893 A.2d 507 (Del. 2006).
[6] *Id.* at 527.